UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------------------x

JOSE CARPIO, on his own behalf                                    CASE NO:
and JOHN DOES 1-100,

       Plaintiff,

  - against –

CHARTER OAK CARPENTRY, LLC
       Defendant.

-------------------------------------------------------------------------------x

## **COMPLAINT**

1. PLAINTIFF JOSE CARPIO is a citizen of Connecticut who presently resides at 85 Custer Street, Stamford, Connecticut 09602.

2. DEFENDANT CHARTER OAK CARPENTRY, LLC is a privately held company whose principal place of business is 4 Ravenwood Road, Norwalk, Connecticut 06850.

3. The jurisdiction of this court is invoked pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201-219.

4. Plaintiff, JOSE CARPIO, (hereinafter "Plaintiff"), was an employee of Defendant CHARTER OAK CARPENTRY, LLC, (hereinafter "CHARTER OAK" or "Defendant"), a privately owned company based in Connecticut.

5. Plaintiff brings this action on behalf of himself and other current and former employees of Defendant similarly situated to him for unpaid wages, overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff worked as a carpet installer and performed related activities in Fairfield County, Connecticut.

6. Defendant CHARTER OAK is a limited liability corporation that operates a facility in Fairfield County, Connecticut and within the jurisdiction of this Court.

7. This action is brought to recover from Defendant unpaid wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees as provided by Title 29 U.S.C.§216(b) ("the Act").

8. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §1337 and by Title 29 §216(b). At all times pertinent to this Complaint, Defendant was engaged in the production of goods for commerce as defined in §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of Defendant was in excess of $500,000 per annum.

9. The additional persons who may become Plaintiffs in this action are non-exempt employees whose duties were similar to those of Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks on or after June 25, 1999, and who did not receive time and one-half wages for their overtime worked.  This collective action is intended to include each and every person employed by CHARTER OAK.

10. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision was made by the Defendant to properly pay Plaintiff for his time worked in excess of forty hours within a work week.  Plaintiff worked more than forty hours per week on one or more workweeks.

11. Plaintiff's employment with Defendant provided for compensation at an hourly rate, but Defendant failed to pay time and a half for all hours Plaintiff worked above forty hours within a workweek.

12. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendant.

## COUNT 1

## RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff readopts and re-alleges all allegations contained in Paragraphs 1 though 12 above.

14. Plaintiff is entitled to be paid time and one-half of her regular hourly rate of pay for each hour worked in excess of forty (40) hours per work week.  All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

15. By reason of said intentional, willful and unlawful acts of Defendant CHARER OAK, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurred costs and reasonable attorney's fees.

16. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

17. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to him who have or will opt into this action, demand judgment against Defendant CHARTER OAK for the payment of all overtime hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all p[roper relief including prejudgment interest.

DATED this 12th day of January, 2006.

                              EDDY & ASSOCIATES
                              991 Post Road East
                              Westport, Connecticut 06880
                              Tel:  203-341-9808
                              Fax:  203-341-8862
                              E-mail: Deborah@EddyandAssociates.com

_____
DEBORAH D. EDDY

## JURY DEMAND

**Do you wish to have a jury trial?**                              **Yes** _____  **No** _____

_____                      _____
**Original signature of attorney (if any)**           **Plaintiff's original signature**

_____                      _____
**Attorney's printed name**                                     **Plaintiff's printed name**

_____                      _____
**Attorney's full address**                                       **Plaintiff's full address**
_____                      _____

_____                      _____
**Attorney's telephone number**                            **Plaintiff's telephone number**

_____                      _____
**E-mail address, if available**                               **E-mail address, if available**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, and that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. §1746; 18 U.S.C. §1621.

Executed in _____    on _____

                                                                              _____
                                                                              Plaintiff's original signature